UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACEY JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IVY TECH COMMUNITY COLLEGE OF INDIANA,<br><br>　　　　Defendant. | Case No. 1:24-cv-00954-TWP-KMB |

**DEFENDANT'S MOTION TO VACATE SETTLEMENT CONFERENCE**

Defendant, Ivy Tech Community College of Indiana (the "College") by counsel, moves the Court to vacate the settlement conference currently set in this matter for April 8, 2025, at 9:30 a.m. ET. In support of its Motion, the College states as follows:

## I.     Relevant Scheduling Orders & Deadlines

1.     On September 25, 2024, the Court entered a Case Management Plan setting deadlines in this matter, including a fact discovery deadline of May 22, 2025, and a dispositive motion deadline of July 22, 2025. (*See* Doc. 15.) This case is set for a final pretrial conference on February 25, 2026, with a jury trial scheduled to begin on March 23, 2026. (*See* Doc. 16.)

2.     On January 13, 2025, the Court entered a Settlement Conference Scheduling Order (the "Scheduling Order") setting an in-person settlement conference in this matter for April 8, 2025, at 9:30 a.m. ET. (*See* Doc. 23.)

## II.    Plaintiff's Failure to Produce Her Medical Records and the Rescheduling of Depositions

3.     On October 2, 2024, the College served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff, Tracey Jackson ("Plaintiff"). Relevant to this Motion, the College's Request for Production Nos. 30 and 31 asked Plaintiff to produce medical

records relevant to Plaintiff's claims and any health conditions for which Plaintiff has sought treatment in the past five years, respectively. (*See* Excerpts of Plaintiff's Discovery Responses, attached hereto as *Exhibit A*, at pp. 4-6.)

4. On November 1, 2024, the College noticed Plaintiff's deposition for January 14, 2025. (*See* Relevant Deposition Notices, attached hereto as *Exhibit B*, pp. 1-3.)

5. On December 9, 2024, Plaintiff served her responses to the College's first set of discovery requests. (*See* Ex. A.) In response to the College's Request for Production Nos. 30 and 31, Plaintiff responded that she "ha[d] requested the necessary documentation from her healthcare providers and [would] submit the responses after a protective order has been entered between the parties." (*Id.* at pp. 2-3.)

6. On December 10, 2024, Plaintiff noticed the depositions of two College employees, Michael McNichols ("McNichols") and Stacy Atkinson ("Atkinson"), for January 30, 2025. (*See* Ex. B, pp. 2-3.)

7. On December 12, 2024, the undersigned counsel for the College, Phillip J. Jones ("Mr. Jones"), emailed Plaintiff's counsel a joint proposed protective order encompassing Plaintiff's medical records. (*See* Relevant Email Communications Exchanged in This Matter, attached hereto as *Exhibit C*, at p. 1.) Mr. Jones also requested more information on the status of Plaintiff's attempts to obtain her medical records and requested that Plaintiff produce the medical records no later than January 3, 2025, to provide the College sufficient time to review the medical records in advance of Plaintiff's January 14 deposition. (*Id.*)

8. On December 17, 2024, counsel for Plaintiff, Amber Boyd-Moorman ("Ms. Boyd-Moorman"), approved the joint proposed protective order and stated she would not be able to confirm the receipt of Plaintiff's medical records from Plaintiff's healthcare providers until

January 6, 2025, as she would not be returning to the office from the holidays until that day. (*Id.* at p. 2.) That same day, Mr. Jones asked Ms. Boyd-Moorman to confirm whether she had already sent the records request to Plaintiff's medical providers (as stated in Plaintiff's responses to Request Nos. 30 and 31) and requested that Plaintiff sign an authorization for the College to obtain Plaintiff's medical records given Ms. Boyd-Moorman's inability to follow-up on the medical records until January 6, leaving little room for the College to follow-up on any issues with the production. (*Id.* at p. 3.) In response, Ms. Boyd-Moorman indicated she was sending the records requests to Plaintiff's medical providers that day, December 17, and suggested the parties reschedule Plaintiff's January 14 deposition. (*Id.*) In her discovery responses on December 9, 2024, Plaintiff represented that she had already requested the information from her medical providers. (Ex. A, pp. 2-3.)

9.    On January 7, 2025, the parties agreed to reschedule the depositions of Plaintiff, Atkinson, and McNichols for some time after Ms. Boyd-Moorman's February 24-28, 2025, jury trial scheduled in another matter. (Ex. C, pp. 4-5.)

10.   On January 21, 2025, the parties rescheduled Plaintiff's deposition for March 11, 2025, and Atkinson's deposition for March 18, 2025. (*See* Ex. B, pp. 8-12.) The parties did not reschedule McNichols' deposition as he recently moved out of state and would soon be transitioning to a position with a different company. Plaintiff took McNichols' deposition on January 30, 2025.

11.   On February 6, 2025, Mr. Jones emailed Ms. Boyd-Moorman and followed-up on the status of Plaintiff's medical records. Mr. Jones requested that Plaintiff produce her medical records no later than February 11, 2025, so that the College would have an opportunity to review and follow-up on records in advance of Plaintiff's March 11 deposition. (Ex. C, p. 6.)

12. Having received no response, on February 14, 2025, Mr. Jones emailed Ms. Boyd-Moorman and followed-up again on Plaintiff's medical records. (*Id.* at p. 7.)

13. On February 18, 2025, still having received no response, Mr. Jones followed-up again on the status of Plaintiff's medical records and asked that Ms. Boyd-Moorman produce Plaintiff's medical records by February 19, 2025, or else provide her availability to schedule a call with the Court to discuss Plaintiff's inability to produce the records. (*Id.* at p. 8.)

14. Plaintiff's counsel never responded to Mr. Jones' February 6, 14, or 18 emails and did not produce Plaintiff's medical records on February 19. On February 20, 2025, pursuant to Local Rule 37-1, and in the hopes of avoiding the need to expend costs and time drafting a motion to compel, Mr. Jones emailed Ms. Boyd-Moorman and requested her availability to schedule a call with the Court on February 24, 25, or 28 regarding Plaintiff's failure to produce her medical records. (*Id.* at p. 9.)

15. On February 24, 2025, Mr. Jones emailed Ms. Boyd-Moorman and informed her that he would be contacting the Court to request a conference since she did not respond with her availability to his February 20, 2025 email. (*Id.* at p. 10.) In response, Ms. Boyd-Moorman finally responded to Mr. Jones and stated she was in the middle of a jury trial (her trial started on February 24) but would call him at the end of the week (which would have been by February 28) to discuss Plaintiff's medical records. (*Id.* at p. 11.) Ms. Boyd-Moorman did not explain why she did not respond to any of Mr. Jones's four (4) emails throughout the month of February.

16. On March 4, 2025, Ms. Boyd-Moorman called Mr. Jones after several attempts by Mr. Jones to contact Ms. Boyd-Moorman on March 3 and 4. (*See id.* at pp. 12-13.) During the call, Ms. Boyd-Moorman apologized for not producing Plaintiff's medical records but indicated that she expected to receive the medical records that week and planned to have the records

reviewed and produced by the end of the week (March 7). (*See id.* at p. 14.) The parties also agreed to reschedule Plaintiff and Atkinson's depositions for a third time given the delays in Plaintiff's document production. (*See id.* at p. 14.)

17. On March 10, 2025, Ms. Boyd-Moorman stated she received the medical records that day and would produce them the following day. (*Id.* at p. 15.)

18. On March 11, 2025, Ms. Boyd-Moorman proposed April 1 and 17 as dates to reschedule Plaintiff and Atkinson's depositions. (*Id.* at p. 16.) Counsel for the College is not available on April 1 but noticed Plaintiff's deposition for April 17. (Ex. B, pp. 13-15.) Mr. Jones proposed availability on April 22, 25, and 28 to reschedule Atkinson's deposition, but Plaintiff's counsel has not yet selected a date or proposed alternative dates for rescheduling Atkinson's deposition. (*See* Ex. C, p. 18.)

19. On March 13, 2025, Ms. Boyd-Moorman finally produced medical records for two out of the four medical providers identified in Plaintiff's discovery responses. (*Id.* at p. 17.) Ms. Boyd-Moorman stated she was still waiting on the records from the two other providers. (*Id.*) This was the first time Ms. Boyd-Moorman informed counsel for the College that she had not received records from half of Plaintiff's medical providers.

20. On March 20, 2025, Mr. Jones follow-up on the status of the outstanding medical records but has not received a response. (*Id.* at p. 18.)

21. On March 24, 2025, Mr. Jones emailed Plaintiff's counsel and informed them the College would be serving subpoenas for Plaintiff's outstanding medical records on the remaining providers. (*Id.* at pp. 19-20.)

### III. Summary of Settlement Discussions

22. On December 23, 2024, Plaintiff served her initial settlement demand in accordance with the Case Management Plan.

23. On January 22, 2025, the College served its response to Plaintiff's initial settlement demand. The College noted it does not assess this matter as one with a high settlement value. Rather, the College believes Plaintiff will be unable to meet her burden of proof and that the College has a strong defense to Plaintiff's claims. Accordingly, based on the College's assessment of Plaintiff's claims and Plaintiff's sizeable monetary demand, the College rejected Plaintiff's initial settlement demand and stated it did not intend to submit a counteroffer at that time.

24. Pursuant to the Scheduling Order, Plaintiff was required to serve an updated settlement demand on the College at least twenty-one (21) days before the April 8 settlement conference (March 18, 2025), which should have included a breakdown of any special damages sought by Plaintiff, as well as a detailed explanation of the basis for any other amounts claimed in the demand. (*See* Doc. 23 at p. 3.) The College was then ordered to serve a good faith response to Plaintiff's settlement demand no later than seven (7) days after its receipt of the updated demand. (*Id.*) Plaintiff did not serve an updated settlement demand or statement of special damages on March 18, 2025, and the parties have not engaged in any further settlement discussions.

IV. **Good Cause and Exigent Circumstances Justify Vacating the Settlement Conference**

25. The Scheduling Order provides that the parties may file a motion to vacate the settlement conference within twenty-one (21) days of the settlement in exigent circumstances, and the Court may grant said motions for good cause. (*See* Doc. 23 at p. 4.)

26. The College believes Plaintiff's failure to produce her complete medical records in a timely fashion, requiring the rescheduling of depositions for a third time in this matter, warrants the exigency required to vacate the April 8 settlement conference. Plaintiff's counsel stated the medical records were forthcoming as recently as March 13, 2025, but the complete

medical records still have not been produced. Plaintiff's claim for emotional distress comprises over seventy-five (75) percent of her initial settlement demand. The College cannot fully assess Plaintiff's damages without having an opportunity to review her complete medical records and depose her on the same. On March 25, 2025, the College subpoenaed Plaintiff's outstanding medical records but does not anticipate receiving the records in time for the settlement conference. The College was not able to reschedule Plaintiff's deposition in advance of the settlement conference as it did not believe it would have an opportunity to receive and review her medical records.

27. The College is also concerned that Plaintiff will not engage in settlement discussions in good faith as she did not serve an updated settlement demand at least twenty-one (21) days before the settlement conference in accordance with the Scheduling Order. (*See* Doc. 23 at p. 3.)

28. Moreover, based on the sizeable monetary demand contained in Plaintiff's initial settlement demand, the College's assessment of the factual and legal deficiencies in Plaintiff's claims, and external factors unrelated to Plaintiff's claims, the College believes further settlement discussions in this matter would be futile, and a settlement conference would not be a productive use of the parties' or the Court's time or resources.

29. Upon the Court's request, the College is willing to submit a confidential statement to the Court further setting forth its reasoning as to why it believes settlement discussions would be futile in this matter.

30. On March 24, 2025, Mr. Jones and Ms. Boyd-Moorman spoke by telephone, and Mr. Jones informed Ms. Boyd-Moorman that the College believed a settlement conference in this

matter would not be productive, and that it intended to file this Motion to Vacate. Ms. Boyd-Moorman informed Mr. Jones that Plaintiff opposes this Motion.

31. For the reasons set forth above, the College respectfully requests that the Court vacate, and not reschedule, the settlement conference scheduled for April 8, 2025.

32. This motion is made for good cause.

WHEREFORE, Defendant, Ivy Tech Community College of Indiana respectfully requests that the Court vacate the settlement conference scheduled for April 8, 2025.

Respectfully submitted,

ICE MILLER LLP

*/s/ Phillip J. Jones*
Tami A. Earnhart, Attorney No. 21610-49
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
Tami.Earnhart@icemiller.com
Phillip.Jones@icemiller.com

*Attorneys for Defendant, Ivy Tech Community College of Indiana*